IIELENE N. WHITE, Circuit Judge,
dissenting.
I respectfully dissent. The only issue regarding coverage is whether Omni was borrowing the Mercedes from the Sulli-vans at the time of the accident. Curtis Sullivan’s uncontroverted testimony establishes that he and Sharon loaned the Mercedes to Omni in 2007. Omni then specifically listed the Mercedes as a scheduled auto on the Selective Policy, paying an additional premium to do so. Curtis submitted a Kentucky Certificate of Registration to Selective’s agent, disclosing that Curtis and Sharon owned the Mercedes. (PID 587.) After paying the additional premium for two years, in 2009, Omni provided permission to Davida to drive the Mercedes. Once Davida left the company, with Omni still paying the additional premium on the Mercedes, Omni continued allowing Davida to use the Mercedes as part of a severance package. Under these circumstances, a reasonable jury could find that Omni was borrowing the Mercedes from the Sullivans at the time of the accident.
The cases relied upon by the majority are distinguishable. In Westfield, a college student borrowed the truck for a live classroom project, and the truck’s owner allowed the student to drive the truck to and from the college. Westfield Ins. Co. v. Young, No. 12-6523, slip op. at 4 (6th Cir. Sept. 9, 2013). The accident occurred after the classroom project was completed, and thus after the college’s use of the vehicle for the classroom project had ended. Id. (explaining that the college “did not have the right to direct the use of Nelson’s truck after the live classroom project was completed”). Here, a reasonable jury could find, based on Curtis’s testimony, that Omni gained the use of the Mercedes for its purposes when it borrowed the Mer *387 cedes from the Sullivans, and that Omni continued to use the Mercedes for its purposes while Davida was driving it as an employee and after Davida’s employment ended as part of her severance package.
In Schroeder, the court held that the university’s receipt of a benefit alone was not sufficient to show that it had borrowed a vehicle from a student who was retrieving ice for a school function at a faculty member’s request, because at no point did the university have possession, dominion, control, or the right to control the use of the vehicle. Schroeder u Bd. of Supervisors of La. State Univ., 591 So.2d 342, 346 (La. 1991). Here, a reasonable jury could find that Omni had the right to control the Mercedes because Davida’s use of the Mercedes was permissive and pursuant to a severance package that Omni provided Davida. Further, Omni paid the premium on the vehicle indicating that it exercised some degree of dominion and control over the vehicle and recognized some responsibility.
Moreover, although I agree that borrowing must be temporary, I do not agree that the lack of testimony regarding a specific end date for Davida’s use of the vehicle means that Omni was not borrowing the Mercedes. “[A] ‘borrowing’ may be for an indefinite period of time and may in fact last until either the insured decides to return the automobile or the lender requests its return.” 8A Couch on Ins. § 118:50 (citing Am. Indem. Ins. Co. v. Code Elec. Corp., 157 Ariz. 571, 760 P.2d 571, 574 (Ct. App. 1988)). Given Curtis’s unrebutted testimony that he and Sharon lent the Mercedes to Omni, a reasonable jury could find that the Sullivans could have demanded its return at any time, and that Omni likewise could have demanded the return of the Mercedes from Davida, subject to any claims for breach of the severance agreement.
Because a reasonable jury could find that Omni was borrowing the Mercedes from the Sullivans at the time of Davida’s accident, I would reverse the district court’s judgment in favor of Selective. However, given the lack of specificity regarding the terms of the severance package, and Omni’s discovery responses indicating that it had no control over, and received no benefit from, Davida’s use of the Mercedes at the time of the accident,[1] a reasonable jury could also find that Omni was not borrowing the Mercedes at the time of the accident. Accordingly, I would remand for further proceedings.
Selective also argues that, even if the Policy provides coverage, the Policy conditions limit such coverage to state-required minimum limits because Omni failed to disclose information regarding the location, driver, and use of the Mercedes. The Policy provides that the Business Auto Coverage Form is void “in any case of fraud by [Omni] at any time” and “if [Omni] or any other ‘insured’, at any time, intentionally conceal[s] or misrepresents] a material fact concerning ... the covered ‘auto;’ [or Omni’s] interest in the covered ‘auto.’” (PID 193-94.) This condition is later amended by an endorsement to provide that in the event of concealment, misrepresentation, or fraud, Selective will only provide coverage up to the minimum limits of liability required in Kentucky. (PID 200-01.) However, Selective points to no evidence of intentional misrepresentation or concealment; nothing in the record establishes that Selective requested an updated drivers list or garage location after Davida began using the Mercedes in Cali *388 fornia. Accordingly, Selective has not supported the grant of summary judgment on this basis.
For these reasons, I would reverse the grant of summary judgment in favor of Selective and remand for further proceedings.

. The meaning of Omni’s discovery responses is open to interpretation, and may merely mean that it had no control over Davida’s decisions regarding where and how to drive the Mercedes and derived no benefit from her shopping trip.